IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHN TREVOR TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-170 |
| | ) | |
| STATE OF GEORGIA; DEPARTMENT OF | ) | |
| CORRECTIONS; RICHMOND COUNTY | ) | |
| SHERIFF'S DEPT.; DEVIN CAMANCHO; | ) | |
| CHRISTOPHER BROWN; JERIMIAH | ) | |
| WELCH; and SPECTRUM HEALTH | ) | |
| SYSTEMS, Paulding County RSAT Center, | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed this case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred in Augusta, Georgia.  He is proceeding *pro se* and *in forma pauperis* ("IFP").  Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.      **SCREENING THE AMENDED COMPLAINT**

A.      **BACKGROUND**

In his amended complaint, Plaintiff names as Defendants:  (1) State of Georgia, (2) Georgia Department of Corrections; (3) Richmond County Sheriff's Department; (4) Officer Devin Camancho; (5) Officer Christopher Brown; (6) Officer Jeremiah Welch; and (7)

Spectrum Health Systems, Paulding County RSAT Center. (Doc. no. 5, pp. 1-5.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In October 2022, Defendant Camancho arrested Plaintiff for possession of methamphetamine off Washington Road in Augusta, Georgia. (Id. at 4.) Defendant Camancho detained Plaintiff and another person, Bradley LNU. (Id.) Plaintiff and Bradley LNU provided Defendant Camancho with their identification cards, which Defendant Camancho ran through the "database" and found neither individual had any warrants. (Id.) However, Defendant Camancho advised Plaintiff and Bradley LNU that he located a container of suspected methamphetamine. (Id.) Although neither Plaintiff nor Bradley LNU had outstanding warrants, Defendant Camancho continued to detain both men while he field-tested the suspected methamphetamine. (Id.) After the substance tested positive for methamphetamine, Defendant Camancho *Mirandized* and questioned Plaintiff and Bradley LNU about who possessed the substance. (Id.) Neither admitted to possession of the methamphetamine. (Id.)

Defendant Camancho brought April Lackman, a night manager at the Super 8 Hotel, to the scene to provide further information. (Id.) Eventually, Bradley LNU asked to speak with Defendant Camancho alone, and they had a conversation outside of Plaintiff's presence. (Id.) Following this conversation, Defendant Camancho released Bradley LNU from custody and arrested Plaintiff for possession of methamphetamine. (Id.) Plaintiff alleges claims for "false imprisonment, lost wages, and defamation of character." (Id. at 5.) He seeks monetary damages. (Id. at 5.)

Attached to Plaintiff's federal complaint is a Superior Court of Richmond County, Georgia complaint dated October 8, 2024, in which Plaintiff names many of the same

defendants.[1]  (Id. at 6 -12.)  Of the criminal history listed by Plaintiff, two cases appear related to Plaintiff's October 2022 arrest:  (1) a 2023 case for possession of methamphetamine, and (2) a probation revocation on November 28, 2022, for which Plaintiff was sentenced to four years, four months, and twenty-two days of imprisonment.  (Id. at 6-7.)  Under the "Statement of Claims" section of the attached Richmond County Superior Court complaint, Plaintiff again references his October 2022 arrest by Defendant Camancho, as well as several claims about issues unrelated to this arrest.  (Id. at 10.)

Although he never mentions Defendants Welch, Brown, or Spectrum Health Systems in his federal complaint, Plaintiff associates these three Defendants with separate incidents in the attached state complaint.  (Id.)  For Defendant Welch, Plaintiff states "[n]ot guilty acquitted 2017 Jerimiah Welch."  (Id.)  For Defendant Brown, Plaintiff provides "[h]ung jury 2019 Christoper Brown."  (Id.)  For Defendant Spectrum Health Services, Paulding County RSAT, Plaintiff alleges he received an RSAT diploma certificate of completion and also experienced a "slip and fall Paulding County RSAT (Dallas Georgia) (Personal Injury)."  (Id.)  He provides no further factual detail about any of these Defendants' acts or omissions regarding the alleged events.  (See generally id.)

## B.    PUBLICLY AVAILABLE RECORDS

Publicly available records reveal Plaintiff's probation was revoked on November 29, 2022, after a warrant was taken out for "arrest of probationer" on October 25, 2022.  See Richmond County Superior Court docket, available at https://www.augustaga.gov/421/ Case-

---

[1] Despite Plaintiff's assertion this § 1983 civil rights state case is open, (doc. no. 5, p. 6), the Court's review of publicly available records in Richmond County Superior Court shows no such case has been filed, see Richmond County Superior Court docket, available at https://www.augustaga.gov/421/ Case-Management-Search (click "Yes I agree"; follow "Civil Search" hyperlink; search for "Turner, John Trevor,") (last visited Mar. 4, 2025) (providing "[n]o results were found for your search").

Management-Search (click "Yes I agree"; follow "Criminal Search" hyperlink; search for "Turner, John Trevor," open 2021RCCR01497) (last visited Mar. 4, 2025) Ex. A. attached, 2021RCCR01497 docket; see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation).  Moreover, these records reflect that Plaintiff's 2023 case for possession of methamphetamine, which lists an arrest date of October 20, 2022, was dismissed in September 2023.  See Ex. A, 2023RCCR00099 docket.

Accordingly, Plaintiff's amended complaint read alongside these publicly available records reveals Plaintiff's probation was revoked on November 29, 2022, following his October 2022 arrest for methamphetamine possession.  (Doc. no. 5); see also Ex. A, 2021RCCR01497 docket.  Although Plaintiff was later indicted for this offense, this case was ultimately dismissed in September 2023.  See Ex. A, 2023RCCR00099 docket.  Thus, Plaintiff is currently serving the remainder of the revoked probation sentence in confinement.  (Doc. no. 5, p. 6); see also Ex. A, 2021RCCR01497 docket.

### C.    DISCUSSION

#### 1.    Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112

F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w]' that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

> **2.      Plaintiff Fails to State a Claim Against Defendants State of Georgia, Department of Corrections, Richmond County Sheriff's Department, Christopher Brown, Jerimiah Welch, and Spectrum Health Systems, Paulding County RSAT Center**

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any

allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  While Plaintiff names Defendants State of Georgia, Department of Corrections, Christopher Brown, Jerimiah Welch, and Spectrum Health Systems, Paulding County RSAT Center in the caption of his federal complaint, Plaintiff does not mention them anywhere in the statement of his claim nor does he make any allegations associating these Defendants with any purported constitutional violations in his federal complaint.  (See generally doc. no. 5, pp. 1-5.)

Moreover, although Plaintiff names Defendants Welch, Brown, and Spectrum Health Services in his statement of claim in the attached state complaint, (id. at 10), Plaintiff does not provide any factual information about the alleged acts or omissions of these three Defendants.  He simply lists each Defendants' name next to an alleged incident and provides no further detail about their alleged role in the corresponding incident.  (Id.)  Accordingly, he fails to state a claim against any of these three Defendants because he fails to "state with some minimal particularity how overt acts of [Defendants] caused a legal wrong."  See Douglas, 535 F.3d at 1321-22.

In sum, dismissal of Defendants State of Georgia, Department of Corrections, Richmond County Sheriff's Department, Christopher Brown, Jerimiah Welch, and Spectrum Health Systems, Paulding County RSAT Center is appropriate because Plaintiff does not connect any of these six Defendants to a purported constitutional violation.  Id.

Furthermore, Plaintiff's claim against the State of Georgia and Department of Corrections also fails because the State of Georgia and Department of Corrections are not subject to liability in a § 1983 suit.  "The Eleventh Amendment insulates a state from suit

brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."); Stevens, 864 F.2d at 115 (Eleventh Amendment bars suit against GDC); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (*per curiam*) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent."). Because the State of Georgia has sovereign immunity against Plaintiff's § 1983 claims, and Defendant Department of Corrections is an agency of the state, both Defendants should be dismissed from this case.

Additionally, Richmond County Sheriff's Department and Spectrum Health Services, Paulding County RSAT are also not a proper parties to this action. Sheriff's departments are not legal entities capable of being sued. See Herrington v. Effingham Cnty. Sheriff's Off., CV 411-099, 2011 WL 2550464, at *1 (S.D. Ga. Apr. 21, 2011) ("However, [Plaintiff] cannot sue the sheriff's department because it is not capable of being sued." (citing Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) and collected cases)), *adopted by* 2011 WL 2550459 (S.D. Ga. June 27, 2011); Smith v. Dekalb Ctny. Sheriff's Off., Civil Action No. 109-CV-2820, 2010 WL 308984, at *2 (N.D. Ga. Jan. 22, 2010) (same). Likewise, Paulding County RSAT Center, which is part of Paulding County Probation Detention Center,[2] is not a legal entity capable of being

---

[2] See Paulding Probation Detention Center, Georgia Department of Corrections (last visited Feb. 20, 2025), https://gdc.georgia.gov/locations/paulding.

sued.  See Brooks v. Houston Cnty. Detention Cntr., NO. 5:15-CV-408, 2016 WL 3676505, at

*2 (M.D. Ga. July 6, 2016) (dismissing claims against Houston County Detention Center on the

ground that it is not a legal entity capable of being sued in § 1983 action).  Appropriate parties

for suit under § 1983 include "persons" who participated in the alleged violation.  See 42 U.S.C.

§ 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cnty., 368

S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial

person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being

capable to sue" (quotations omitted)).    Thus, Defendants Richmond County Sheriff's

Department and Spectrum Health Services, Paulding County are not capable of being sued in

this action and should be dismissed.

In sum, Defendants State of Georgia, Department of Corrections, Richmond County

Sheriff's Department, Christopher Brown, Jerimiah Welch, and Spectrum Health Systems,

Paulding County RSAT Center should be dismissed because Plaintiff fails to state a claim

against any of these Defendants.

### 3.    Plaintiff's Claims Concerning the Validity of His Probation Revocation Are Barred Under Heck v. Humphrey

Plaintiff challenges his October 2022 arrest, which resulted in his probation being

revoked and his return to prison.  In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme

Court held, "in order to recover damages for allegedly unconstitutional conviction or

imprisonment, or for other harm caused by actions whose unlawfulness would render a

conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence"

has been reversed, expunged, declared invalid, or called into question by the issuance of a

federal writ of habeas corpus.  Id. at 486-87.  The Heck "favorable termination" rule has been

applied to complaints alleging problems with revocation proceedings such as those alleged by

8

Plaintiff.  See Reilly v. Herrera, 622 F. App'x 832, 834-35 (11th Cir. 2015) (*per curiam*) (affirming *sua sponte* dismissal of § 1983 complaint brought against probation officers and others alleging conspiracy to fabricate violation of conditions of supervised release because if true, "then the arrest would be unlawful and the revocation itself would be invalid"); Cobb v. Florida, 293 F. App'x 708, 709 (11th Cir. 2008) (*per curiam*) (holding district court correctly dismissed §1983 complaint where necessary implication of granting relief would be finding revocation of probation invalid).

Here, Plaintiff alleges he was wrongly imprisoned and arrested for possession of methamphetamine.  (Doc. no. 5, p. 4.)  He further alleges he has been improperly incarcerated for two years because of this arrest and resulting probation revocation.  (Id. at 5.)  Were these claims resolved in Plaintiff's favor, the outcome would inevitably undermine Plaintiff's current incarceration, placing the claims "squarely in the purview of Heck."  Reilly, 622 F. App'x at 835; see also Vickers v. Donahue, 137 F. App'x 285, 289-90 (11th Cir. 2005) (*per curiam*) (affirming summary judgment in favor of probation officers on plaintiff's false arrest claim for probation violation where plaintiff had available post-revocation relief and successful § 1983 claim would imply invalidity of revocation order and sentenced imposed); Hamilton v. Givan, No. 2:15-cv-02230, 2016 WL 8077985, at *3 n.6 (N.D. Ala. Dec. 13, 2016) (applying Heck to false arrest claim and explaining when a plaintiff "is asserting that he is entirely innocent of the charges . . .  it is possible that his claim, if successful, would present a direct challenge to the validity of any conviction which resulted from the charges" (citations omitted)), *adopted by* 2017 WL 372271 (N.D. Ala. Jan. 26, 2017); Denson v. Demotisis, No. 4:09-cv-230, 2009 WL 4730608, at *2 (N.D. Fla. Dec. 9, 2009) ("An attack on the lawfulness of a finding of guilty which returns a probationer to prison is a habeas corpus claim because it is collaterally challenging the lawfulness of one's incarceration.").

In short, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Although the related criminal case based on this arrest was ultimately dismissed or "nolle prossed," see Ex. A, 2023RCCR000999 docket, no such "favorable termination" has occurred regarding Plaintiff's probation revocation, see Ex. A, 2021RCCR01497 docket; see also Wilson v. Stankoski, No. 19-0956, 2021 WL 639950, at *4-6 (S.D. Ala. Jan. 11, 2021) (finding Heck barred plaintiff's claims in case where a criminal case against plaintiff was nolle prossed, yet plaintiff remained incarcerated because his probation was revoked based on his commission of that offense), adopted by 2021 WL 623900 (S.D. Ala. Feb. 17, 2021). Rather, publicly available records show the Superior Court of Richmond County denied Plaintiff's motions to modify his sentence and probation on December 6, 2024. See Ex. A.

Thus, his revoked probation sentence has not been reversed, expunged, declared invalid, or called into question by writ of habeas corpus. Accordingly, Plaintiff's claims concerning the validity of his probation revocation are barred under Heck.

### 4. Plaintiff Fails to State § 1983 Claims for False Imprisonment and False Arrest

To the extent Plaintiff's claims are not barred by Heck, his claims fail because the amended complaint demonstrates Defendant Camancho had probable cause to arrest Plaintiff. At issue is the period of time beginning from Plaintiff's warrantless arrest off Washington Road to the probation revocation warrant being taken out against him on October 25, 2022. (Doc. no. 5, pp. 4-5); see also Ex. A, 2021RCCR01497 docket;[3] Coward v. Simone, No. 1:11-

---

[3] The 2021RCCR01497 docket reflects that a "warrant for arrest of probationer" was taken out

cv-383, 2012 WL 4381270, at *5 (N.D. Ga. Sept. 24, 2012) ("[W]here an arrest is made pursuant to a warrant, a form of legal process, a cause of action for false arrest or false imprisonment based on the arrest will not lie.")

"A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a § 1983 claim." Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996) (citation omitted). "Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Id. at 1526. The existence of probable cause is a bar to § 1983 claims based on false arrest and false imprisonment. Ortega, 85 F.3d at 1525-26. A law enforcement officer has probable cause to effectuate an arrest if the facts and circumstances would cause a prudent person to believe an individual has committed, is committing, or is about to commit an offense. Von Stein v. Brescher, 904 F.2d 572, 578 (11th Cir. 1990).

Though he does not explicitly use the words "probable cause," Plaintiff argues Defendant Camancho lacked valid justification to believe Plaintiff committed the crime of possession of methamphetamine. (Doc. no. 5, p. 4.) As an initial matter, a law enforcement officer may have probable cause to arrest multiple people for possession of a controlled substance. See Maryland v. Pringle, 540 U.S. 366, 372 (2003) ("We think it an entirely reasonable inference from these facts that any or all three of the occupants had knowledge of, and exercised dominion and control over, the cocaine. Thus, a reasonable officer could conclude that there was probable cause to believe [defendant] committed the crime of

---

against Plaintiff on July 12, 2022, which was prior to Plaintiff's October 2022 arrest. See Ex. A, 2021RCCR01497 docket. The docket further reflects a "warrant affidavit/order to toll" Plaintiff's probation was entered September 19, 2022. See id. However, Plaintiff alleges Defendant Camancho's search of his name through the law enforcement database revealed no outstanding warrants. (Doc. no. 5, p. 4.) Because the Court must take Plaintiff's allegations as true for purposes of the present screening, the Court analyzes Plaintiff's claim he was wrongfully subjected to a warrantless arrest despite this contrary evidence.

possession of cocaine, either solely or jointly."). However, "the Eleventh Circuit has held mere presence where contraband is found, without more, does not demonstrate probable cause, or even arguable probable cause, to arrest an individual for constructive possession of the contraband." Haggard v. Dorsett, No. 4:20-cv-00030, 2021 WL 5085953, at *4 (N.D. Ala. Nov. 2, 2021) (citations omitted)

Here, Plaintiff's amended complaint demonstrates Defendant Camancho had probable cause to arrest Plaintiff for possession of methamphetamine. First, Defendant Camancho located a suspected substance, which field-tested positive for methamphetamine, near Plaintiff. (Doc. no. 5, p. 4.) Defendant Camancho then detained both Plaintiff and Bradley LNU, read them their *Miranda* rights, and questioned them about the drugs. (Id.) Thereafter, based on conversations with the hotel manager and Bradley LNU, who both blamed Plaintiff for possessing the drugs, Defendant Camancho arrested Plaintiff. (Id.) Thus, taken together, Plaintiff's proximity to the methamphetamine container in addition to two other witness's accounts reveal a reasonably prudent person in Defendant Camancho's position would have probable cause to believe Plaintiff committed the crime of possession of methamphetamine. Although Plaintiff disputes the veracity of what the hotel manager and Bradley LNU told Defendant Camancho, his personal belief that these individuals lied to Defendant Camancho does not alter Defendant Camancho's conclusion there was probable cause to arrest Plaintiff for this offense.

Accordingly, to the extent his claims are not barred by Heck, Plaintiff's claims about his October 2022 arrest fail because Defendant Camancho had probable cause to arrest him, thereby foreclosing the possibility of a false arrest or false imprisonment claim.

**5.    Any Potential State Law Claims Should Be Dismissed Without Prejudice**

To the extent Plaintiff may have any viable state law claims regarding the events alleged in his complaint regarding his October 2022 arrest, those should be dismissed without prejudice so that Plaintiff may pursue them, if he so chooses, in state court. Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." Id. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendent jurisdiction over state law claims is discretionary).

Here, the Court has determined the amended complaint fails to state a claim that could serve as the basis for original federal court jurisdiction.  Thus, without the federal claim, the Court concludes any potential state law claims should be dismissed without prejudice.  <u>Vibe Micro, Inc. v. Shabanets</u>, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well. . . .  [I]t usually should do so without prejudice as to refiling in state court.").

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** without prejudice for failure to state a federal claim upon which relief may be granted, any potential state law claims be dismissed without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of March, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

14