IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHN TREVOR TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-170 |
| | ) | |
| STATE OF GEORGIA; DEPARTMENT OF | ) | |
| CORRECTIONS; RICHMOND COUNTY | ) | |
| SHERIFF'S DEPT.; DEVIN CAMANCHO; | ) | |
| CHRISTOPHER BROWN; JERIMIAH | ) | |
| WELCH; and SPECTRUM HEALTH | ) | |
| SYSTEMS, Paulding County RSAT Center, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 16.) In his objections, Plaintiff requests legal assistance with his case because he is proceeding *pro se* and lacks access to legal resources. (See id.) Plaintiff misunderstands the Court's role. The Court cannot provide litigants with legal advice because it does not have a "license to serve as de facto counsel for a party." In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000); see also Landry v. Davis, No. 08–3244, 2009 WL 274242, at *4 (D. Kan. Jan. 26, 2009) ("Federal courts may not provide legal advice to a *pro se* litigant, just as they may not provide legal advice to a party represented by an attorney."). Therefore, the Court cannot provide Plaintiff with the assistance he seeks.

Plaintiff also contends he "deserve[s] [his] day in court," and that he would not have filed the instant case "if it wasn't worth a hearing with [him] being physically present." (Doc.

no. 16, p. 1.) However, pursuant to the screening provisions of the Prison Litigation Reform Act, Plaintiff is not entitled to an evidentiary hearing on his claims before dismissal of the amended complaint. See 28 U.S.C. § 1915A; Heard v. Ga. State Bd. of Pardons & Paroles, 222 F. App'x 838, 841 (11th Cir. 2007) (*per curiam*) ("Nothing in the text of § 1915A requires a district court to grant such a hearing before *sua sponte* dismissing an inmate's complaint for failure to state a claim.").

Finally, in his objections, Plaintiff states he wants to add his probation officer, James Lance, as a Defendant in the instant case. (Doc. no. 1, p. 2.) However, Plaintiff may not amend his amended complaint in a piecemeal manner by submitting separate filings or only select pages which purport to add to or change only certain portions of a prior pleading. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Thus, it is improper for Plaintiff to add this Defendant to his case in this manner. Moreover, Plaintiff provides no details about this individual's involvement in the events described in the amended complaint.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** Plaintiff's amended complaint for failure to state a federal claim upon which relief may be granted and any potential state law claims without prejudice, and **CLOSES** this civil action.

SO ORDERED this _1st_ day of _April_, 2025, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA